# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-677
Filed: March 9, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * <br> DONNA SMITH and BRIAN SMITH, <br> Parents of MWS, a minor, <br>               Petitioners, <br> v. <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br>               Respondent. <br> * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Hamilton-Fieldman <br><br> Petitioners' Motion for Dismissal Decision; Diphtheria, Tetanus, Pertussis ("DTap"), Haemophilus Influenzae Type B ("Hib"), Inactivated Polio ("IPV"), Pneumococcal Conjugate ("PCV"), Hepatitis A ("Hep A"), Influenza ("Flu") Vaccinations; Acute Encephalopathy; Chronic Encephalopathy; Seizure Disorder; Neurological Conditions; Speech Delay; Developmental Regression, Autism-like Symptoms. |

Robert Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners
Linda Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 13, 2013, Donna and Brian Smith ("Petitioners") filed a petition, on behalf of their minor child MWS, for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). In an amended Petition filed on November 20, 2015, Petitioners alleged that the Diphtheria, Tetanus, Pertussis ("DTap"), Haemophilus Influenzae Type B ("Hib"), Inactivated Polio ("IPV"), and Pneumococcal

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 and note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Conjugate ("PCV") vaccinations administered to MWS on September 17, 2010, and the Hepatitis A ("Hep A") and seasonal influenza ("flu") vaccinations administered to MWS on December 17, 2010, caused him to suffer from "an acute encephalopathy" either as a Table injury or caused-in-fact by the vaccines, that resulted in symptoms including a seizure disorder, ataxia, apraxia, dysarthria, autism-like symptoms, developmental regression and delay, and "other neurological conditions." Amended Petition ("Amend. Pet.") at 1-6. Alternatively, Petitioners' Amended Petition alleged that the September 17, 2010 vaccinations caused MWS to develop cerebral folate deficiency, "an autoimmune injury," "manifesting as the symptoms of developmental and behavioral regression." *Id.* at 4-5. As an additional alternative theory, Petitioners alleged that the vaccinations "significantly aggravated [MWS'] preexisting condition, to wit: a metabolic disorder" or a "mild speech delay" resulting in "a marked developmental regression that occurred shortly after the vaccines were administered and was caused by them." *Id.* at 5. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On March 9, 2016, Petitioners filed a Motion for a decision dismissing the petition. According to the Motion, "[a]n investigation of the facts and available science supporting petitioners' case has demonstrated to petitioners that they will be unable to prove that they are entitled to compensation in the Vaccine Injury Compensation Program ("VICP")." Motion, at 1. Petitioners further state that they understand that a dismissal decision will result in a judgment against them, and that such a judgment will end all of their rights in the Vaccine Program.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that MWS suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by vaccinations.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master
